UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIAN FORD, | ) | |
| | ) | No. 20-CV-04691 |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| CITY OF CHICAGO, | ) | |
| PIOTR PAWLOWSKI, GREGORY BACON | ) | |
| MICHAEL CARROLL, JESSICA ROCCO, | ) | |
| MICHAEL PHILLIPS, PATRICK MORIARTY, | ) | |
| CHRISTOPHER LOCKHART, MICHAEL LY, | ) | |
| and JOCELYN DE LA TORRE, | ) | Jury Demanded |
| | ) | |
| Defendant(s). | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the plaintiff DARRIAN FORD, by his attorneys, COFFMAN LAW OFFICES, P.C. and as his First Amended Complaint against the Defendants, state the following:

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions of August 10, 2018 which violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

3. At all times material hereto, the Plaintiff, Darrian Ford, was a resident of the City of Chicago, County of Cook, State of Illinois, in this District, and entitled to be free from unlawful search and seizure, and the malicious conduct of police officers employed by the municipal Defendant.

4. At all times material hereto Defendant Piotr Pawlowski; star number 16155 (hereinafter "Pawlowski") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant Pawlowski was acting under color of state law and within the scope of his employment with the City of Chicago. Pawlowski is sued individually.

5. At all times material hereto Defendant Officer Gregory Bacon; star number 16904 (hereinafter "Bacon") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant Bacon was acting under color of state law and within the scope of his employment with the City of Chicago. Bacon is sued individually.

6. At all times material hereto Defendant Officer Michael Carroll; star number 14575 (hereinafter "Carroll") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant Carroll was acting under color of state law and within the scope of his/her employment with the City of Chicago. Carroll is sued individually.

7. At all times material hereto defendant Officer Jessica Rocco; star number 15049 (hereinafter "Rocco") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant Rocco was acting under color of state law and within the scope of her employment with the City of Chicago. Rocco is sued individually.

8. At all times material hereto Defendant Officer Michael Phillips; star number 18940 (hereinafter "Phillips") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant Phillips was acting under color of state law and within the scope of his employment with the City of Chicago. Phillips is sued individually.

9. At all times material hereto defendant Officer Patrick Moriarty; star number

8331 (hereinafter "Moriarty") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant Moriarty was acting under color of state law and within the scope of his employment with the City of Chicago. Moriarty is sued individually.

10. At all times material hereto Defendant Officer Christopher Lockhart; star number 9930 (hereinafter "Lockhart") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant Lockhart was acting under color of state law and within the scope of his employment with the City of Chicago. Lockhart is sued individually.

11. At all times material hereto Defendant Officer Michael Ly; star number 1638 (hereinafter "Ly") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant Ly was acting under color of state law and within the scope of his employment with the City of Chicago. Ly is sued individually.

12. At all times material hereto Defendant Officer Jocelyne De La Torre; star number 6572 (hereinafter "De La Torre") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto Defendant De La Torre was acting under color of state law and within the scope of her employment with the City of Chicago. De La Torre is sued individually.

13. The City of Chicago is a municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, City of Chicago was the employer of Defendants, as a result, said officers are entitled to indemnification from the City of Chicago for any judgment entered against them for compensatory damages.

14. Plaintiff sues all Defendants in their individual capacities.

## **Common Facts**

15. On August 10, 2018, Plaintiff was inside his apartment at 1500 W. 18th St. Chicago, IL.

16. Approximately five Chicago Police officers forcibly entered Plaintiff's apartment and violently handcuffed Plaintiff, damaging Plaintiff's property in the process.

17. Plaintiff was then subjected to unnecessary and unreasonable force in that Defendant officers violently and forcefully dragged Plaintiff out of his apartment, handcuffed.

18. Defendants then dropped the handcuffed Plaintiff down a flight of stairs. Plaintiff landed on his shoulder but absorbed most of the impact with his head on the ground.

19. Plaintiff was taken into police custody and charged with battery. That charge was ultimately resolved in a manner indicative of his innocence.

20. Plaintiff was transported to the hospital, and treated for the injuries he received.

21. By reason of the above-described acts and omissions of the Defendant police officers, Plaintiff sustained property damage, injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

22. The aforementioned acts of the Defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages.

23. By reason of the above-described acts and omissions of the individual Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff request payment by Defendants of a

reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### Count I - Fourth Amendment (FALSE ARREST)
### Against Individual Defendant's

24. Plaintiff adopts and re-allege the allegations of paragraphs one through twenty-three above, as and for the allegations of this paragraph twenty-four.

25. As described above, Defendants conspired among themselves to falsely arrest and detain Plaintiff without probable cause in violation of his rights under the Fourth Amendment to the Constitution.

26. As described above, Defendants violated Plaintiff's rights when they arrested Plaintiff and charged him with battery even though he had not committed a battery.

27. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Darrian Ford's constitutional rights.

28. The misconduct described in this Complaint was taken with malice, willfulness, and reckless disregard for the rights of Plaintiff.

29. These actions or omissions by the Defendants proximately caused Plaintiff to suffer physical injuries, pain, humiliation, and emotional trauma and suffering.

### Count II - Fourth Amendment (EXCESSIVE FORCE)
### Against Individual Defendant's

30. Plaintiff adopts and re-allege the allegations of paragraphs one through twenty-nine above, as and for the allegations of this paragraph thirty..

31. At all times relevant hereto, Plaintiff had the right to be free from unreasonable seizures and excessive force from state actors such as Defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

32. As described above, Defendants Pawlowski, Bacon, Carroll, Rocco, Phillips, Moriarty, Lockhart, Ly, and De La Torre, violated Plaintiff's right to be free from unreasonable seizures and excessive force with their concerted unlawful and malicious physical abuse in the manner in which they seized plaintiff and that they dragged him from his house, handcuffed, and dropped him down the stairs head first.

33. Upon information and belief, one or more of the Defendant officers were present and had a reasonable opportunity to prevent the harm done to Darrian Ford, and should have intervened to prevent the individual officer's unjustified and excessive use of force.

34. As a result of their failure to intervene, Darrian Ford suffered pain and injury, as well as severe emotional distress.

35. As a result of their concerted unlawful and malicious physical abuse of Darrian Ford, Defendants Pawlowski, Bacon, Carroll, Rocco, Phillips, Moriarty, Lockhart, Ly, and De La Torre intentionally, or with deliberate indifference and callous disregard of plaintiffs' rights, deprived him of his right to be free from unreasonable seizures and excessive force in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

36. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Darrian Ford's constitutional rights.

37. The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

38. These actions by the Defendants proximately caused Plaintiff to suffer physical injuries, pain, humiliation, and emotional trauma and suffering.

## Count III – Claim for Indemnification
## Against Defendant City of Chicago

39. The acts of the individual defendants were willful and wanton and were committed within the scope of their employment.

40. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from defendants' actions.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, against Defendants CITY OF CHICAGO, PIOTR PAWLOWSKI, GREGORY BACON MICHAEL CARROLL, JESSICA ROCCO, MICHAEL PHILLIPS, PATRICK MORIARTY, CHRISTOPHER LOCKHART, MICHAEL LY, and JOCELYN DE LA TORRE and each of them, jointly and severally, for compensatory damages against all defendants, costs, attorney's fees pursuant to Title 42 U.S.C. Section 1988, as well as punitive damages against the individual defendant police officers, and any such further relief deemed just and proper by this Court.

Respectfully submitted,

Date: November 18, 2020

_____
One of Plaintiff's Attorneys

Brian W. Coffman, 6285942
Nicole Barkowski, 6295834
**COFFMAN LAW OFFICES, P.C.**
2615 North Sheffield Ave., Suite #1
Chicago, IL 60614
(773) 348-1295 phone
(773) 242-6188 facsimile
bcoffmanlaw@gmail.com
nbarkowski@gmail.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIAN FORD, | ) | |
| | ) | No. 20-CV-04691 |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| CITY OF CHICAGO, | ) | |
| PIOTR PAWLOWSKI, GREGORY BACON | ) | |
| MICHAEL CARROLL, JESSICA ROCCO, | ) | |
| MICHAEL PHILLIPS, PATRICK MORIARTY, | ) | |
| CHRISTOPHER LOCKHART, MICHAEL LY, | ) | |
| and JOCELYN DE LA TORRE, | ) | Jury Demanded |
| | ) | |
| Defendant(s). | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:  Dortricia Penn, Assistant Corporation Counsel III
Max Boose, Assistant Corporation Counsel III
Jessica Ziswa, Assistant Corporation Counsel III
Greg Beck, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 N. LaSalle St. Ste 420
Chicago, IL 60602

**PLEASE TAKE NOTICE** that on this 18th day of November 2020, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **PLAINTIFF'S FIRST AMENDED COMPLAINT** a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 18th day of November 2020.

s/ _____
Nicole Barkowski

Brian W. Coffman, 6285942
Nicole Barkowski, 6295834
**COFFMAN LAW OFFICES, P.C.**
2615 North Sheffield Ave., Suite #1
Chicago, IL 60614
(773) 348-1295 phone
(773) 242-6188 facsimile
bcoffmanlaw@gmail.com
nbarkowski@gmail.com